| | |
|---|---|
| Zane William Gray, | No. CIV 09-0334-PHX-GMS (DKD) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Zane William Gray was convicted by a jury of aggravated assault in January 2006, in Maricopa County Superior Court. He filed a petition for writ of habeas corpus on February 12, 2009 and an amended petition on July 3, 2009. In his initial petition, he cites several passages from the Bible, and discusses his religious conversion. He does not make any constitutional claim concerning either his conviction or sentence. In his amended petition, he contends that the trial court violated his Sixth Amendment right to a speedy trial by continuing his trial date upon a request by the prosecutor. Respondents argue that Gray's amended petition is untimely because it does not relate back to his initial petition, which was timely filed. In the alternative, Respondents argue that his claim is technically exhausted and procedurally defaulted. The Court concludes that the amended petition is untimely, and recommends that his amended petition be denied and dismissed with prejudice.

**BACKGROUND**

Gray was convicted of aggravated assault based upon an incident where he threatened his mother with a meat cleaver. Following the imposition of an aggravated 12.5-year term of imprisonment, Gray appealed, raising two issues: (1) the trial court abused its discretion and violated Rule 8 of the Arizona Rules of Criminal Procedure by continuing his trial; and (2) the trial court erred by enhancing his sentence with a dangerous prior felony conviction where the prior conviction had not been alleged as dangerous. In a memorandum decision filed on June 21, 2007, the court of appeals affirmed his conviction and sentence (Doc. #1-2).

Gray was informed by appellate counsel of the memorandum decision, and of counsel's decision not to file a petition for review on Gray's behalf (Doc. #21, Exh A). Counsel also informed Gray of his right to seek relief on his own, the deadline for filing such relief, and counsel's contemporaneous motion for a 30-day extension to allow Gray to file his own petition (*Id.*). On July 27, 2007, the court of appeals granted an extension until August 27 for Gray to file his petition for review (Doc. #18, Exh J). On August 23, 2007, Gray was given an additional 30-day extension, up to and including September 26 (*Id.*). On October 15, 2007, the court of appeals granted a further extension, up to and including November 9, 2007 (*Id.*). On November 23, 2007, Gray was given an additional extension, up to and including December 19, 2007, to file his petition for review. Despite the many extensions granted, Gray chose not to file a petition for review.

On August 9, 2007, Gray filed a Notice of Post-Conviction Relief; on August 16, 2007 counsel was appointed (Doc. #18, Exh F, G). On January 15, 2008, counsel filed a Petition for Post-Conviction Relief pursuant to Rule 32.1(c), arguing that the trial court had improperly enhanced his sentence (*Id.*, Exh H). On April 7, 2008, the trial court dismissed the petition pursuant to Rule 32.6(c) of the Arizona Rules of Criminal Procedure, finding the claims were precluded, having been raised on direct review (Doc. #11-2).

On April 10, 2008, Gray received a letter from post-conviction counsel informing him that she would not be filing a petition for review because of her conclusion that there was no

- 2 -

reasonable probability that the court of appeals would review his case (Doc. #21, Exh E). She also informed him of his right to seek review on his own, the deadline for seeking such review, and enclosed the forms used for filing a petition for review and for requesting a 30-day extension to seek review (*Id.*). Gray chose not to seek review of the trial court's dismissal of his post-conviction proceedings.

On February 12, 2009, Gray filed his federal petition (Doc. #1) and a Motion for Leave to Proceed *in forma pauperis* (Doc. #3). On March 19, 2009, the District Court denied his motion and ordered him to pay the filing fee within 30 days (Doc. #4). On April 20, Gray requested an extension of time to pay his filing fee (Doc. #6); on May 1, the District Court granted a 30-day extension and Gray timely paid the fee (Doc. ##7, 8). On June 18, 2009, the District Court dismissed Gray's petition, with leave to amend, stating as follows:

> Petitioner seeks a reduction of his sentence because "12.5 years is a long time." Petitioner does not allege a constitutional violation but states, "forgive me for not going th[rough] a[n] Amendment. I gave up on everything but by the 'Grace of God' I am saved th[rough] Jesus Christ." Petitioner makes no allegations relevant to his conviction or sentence.

(Doc. #10 at 1-2).

On July 3, 2009, Gray filed an amended petition, in which he acknowledged that in his original petition there were "[n]o grounds raise[d], only my testimony in Jesus Christ" (Doc. #11 at 5). In his amended petition, he argues that his Sixth Amendment right to a speedy trial was violated (*Id.* at 6). In their Answer, Respondents contend that Gray's amended petition is untimely because it was filed after the one-year period of limitations had lapsed, and the amended petition does not relate back to his original petition. In addition, Respondents argue that Gray has not suggested any extraordinary circumstances that would entitle him to equitable tolling.[1]

---

[1] Respondents contend in the alternative that Gray's amended petition, while technically exhausted, is procedurally defaulted. In light of the Court's conclusion that the amended petition is untimely, it need not reach this issue.

- 3 -

**DISCUSSION**

Gray was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2). Rule 31.19(a) of the Arizona Rules of Criminal Procedure requires that a petition for review from a court of appeals decision be filed within 30 days of the decision. However, because of the numerous extensions granted by the court of appeals, Gray's judgment became final on December 19, 2007, when the final extension of time allowed by the court of appeals expired. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1072-74 (9th Cir. 2007). Because Gray's post-conviction proceedings were pending on that date, the limitations period was immediately tolled until the trial court dismissed the petition on April 7, 2008. The limitations period began to run on April 8, 2008, and expired on April 8, 2009.

Rule 2(c) of the Rules Governing Habeas Corpus cases requires a petitioner to "specify all the grounds for relief available" and to "state facts supporting each ground." Gray was also warned in the instructions attached to his habeas form that he "must raise all grounds for relief that relate to this conviction or sentence. *Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action*."[2] A habeas petition may be amended "as provided in the rules of procedure application to civil actions." 28 U.S.C. § 2242. Under the Federal Rules of Civil Procedure, an amendment relates back to the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original

---

[2]Instructions for Filing a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the District of Arizona at 3 (emphasis added).

- 4 -

pleading." *See* Fed.R.Civ.P. 15(c)(1)(B). A new claim raised in an amended habeas petition filed after the expiration of the limitations period, relates back to the original petition, thereby avoiding a limitations bar, if it arises "out of the same core of operative facts as a claim contained in the original petition." *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) (citing *Mayle v. Felix*, 545 U.S. 644 (2005)). "It is not enough that the new argument pertains to the same trial, conviction, or sentence." *Id.*

Gray filed his original petition on February 12, 2009, within the one-year limitations period. His amended petition, although filed within the 30-day period allowed by the District Court, was filed 86 days after the expiration of the one-year limitations period, and is therefore untimely unless it relates back to the original petition. Gray does not dispute Respondents' assertion that his claim raised in the amended petition is a new one. He admits that he raised *no claims* in his original petition. Having acknowledged that he raised no claims, by definition there cannot exist any "core of operative facts" in the original petition to which an amended petition could relate back. Under such circumstances, the amended petition cannot relate back to the original petition in order to avoid the limitations bar. *Hebner*.

In addition, Gray is not entitled to equitable tolling. He has not demonstrated the existence of any extraordinary circumstances which prevented him from including his constitutional claim in the original petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). Indeed, as evidenced by the procedural history of his state court proceedings he recited in his original petition, Gray was aware of his speedy trial claim at the time he filed his petition, and could have included it as a ground for habeas relief at that time. He chose not to do so. Gray's assertion that he complied with the Court's order in timely filing his amended petition does not support a claim of equitable tolling. Implicit in this argument is the idea that the District Court should have alerted him to any further deadlines which he was required to meet. The District Court has no obligation to make a statute of limitations calculation and inform a habeas petitioner of such a deadline prior to dismissing a petition

with leave to amend. *Pliler v. Ford*, 542 U.S. 225, 235 (2004). It has no obligation to act as counsel to a *pro se* litigant. *Id.* at 231. Indeed, the procedural history of the state court proceedings indicates both Gray's familiarity with the procedural rules and filing requirements, and his conscious choice on more than one occasion to not comply with such requirements.

**IS THEREFORE RECOMMENDED** that Zane William Gray's amended petition for writ of habeas corpus be **denied** and **dismissed with prejudice** (Doc. #11).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of March, 2010.

_____
David K. Duncan
United States Magistrate Judge