WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Zane William Gray, | ) | No. CV-09-334-PHX-GMS |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles Ryan, *et al.*, | ) | |
| Respondents. | ) | |

Pending before the Court is the Petition for Writ of Habeas Corpus, filed by Petitioner Zane William Gray. (Doc. 11). On March 12, 2010, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R & R") in which he recommended that the Court deny the Petition with prejudice due to Mr. Gray's failure to comply with 28 U.S.C. § 2244(d)(1)(A)'s one year statute of limitations. (Doc. 22). Mr. Gray timely filed Objections to the R & R on April 15, 2010 (Doc. 26); nevertheless, because those objections are without merit, the Court accepts the R & R as set forth in this Order.

**BACKGROUND**

In January 2006, Mr. Gray was convicted of aggravated assault in Arizona State Court and sentenced to 12.5 years imprisonment for threatening his mother with a meat cleaver. Following an unsuccessful appeal in state Court, Petitioner filed a Petition for a Writ of Habeas Corpus on February 12, 2009. The petition, however, was dismissed with leave to

amend because Mr. Gray failed to identify any basis for habeas relief. (*See* Dkt. # 10.) As the Court stated in its June 17, 2009 Order:

> "Petitioner seeks a reduction of his sentence because '12.5 years is a long time.' Petitioner does not allege a constitutional violation but states, 'forgive me for not going th[rough] a[n] Amendment. I gave up on everything but by the "Grace of God" I am saved th[rough] Jesus Christ.'" Petitioner makes no allegations relevant to his conviction or sentence."

(Dkt. # 10 at 2.) On July 3, 2009, Petitioner filed an amended petition, alleging that his Sixth Amended right to a speedy trial was violated. (Dkt. # 11.) In the R & R, Judge Duncan recommends that the petition be dismissed with prejudice because the claim raised in the amended petition is barred by the applicable statute of limitations. (Dkt. # 22.)

## LEGAL STANDARD

Federal district courts "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].'" *Carrillo-Lozano v. Stolc*, 669 F. Supp.2d 1074, 1076 (D. Ariz. 2009) (quoting 28 U.S.C. § 636(b)(1)); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While a district judge "must review the magistrate judge's findings and recommendations *de novo if objection is made*," *Schmidt v. Johnstone*, 263 F. Supp.2d 1219, 1225 (D. Ariz. 2003)), no such review is necessary when the parties do not raise specific objections. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection"); *see* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made."); *Carrillo-Lozano*, 669 F. Supp.2d at 1076 (same).

## DISCUSSION

The claims alleged in Mr. Gray's amended habeas petition are barred under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1)(A). As Judge Duncan stated in the R & R,

> A new claim raised in an amended habeas petition filed after the expiration of the limitations period, relates back to the original petition, thereby avoiding a limitations bar, if it arises "out of the same core of operative facts as a claim contained in the

> original petition." *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) (citing Mayle v. Felix, 545 U.S. 644 (2005)). "It is not enough that the new argument pertains to the same trial, conviction, or sentence." *Id.*

(Dkt. # 22 at 5.)

Mr. Gray's original petition was timely; however, it was dismissed due to his failure to allege any facts or legal arguments that would entitle him to relief. To the extent the second petition does contain a viable habeas claim, it was untimely under AEDPA unless it relates back to the original petition. Because Mr. Gray concedes that he raised *no claims* in his first petition, there is no claim to which his amended petition could possibly relate back. *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) (to relate back, and to thereby avoid a limitations bar, the amended petition must arise "out of the same core operative facts as a claim contained in the original petition").

In his Written Objections, Mr. Gray does not direct any argument toward the R & R. Instead, he asserts that Judge Duncan should have treated his amended petition as a "second or successive" petition pursuant to 28 U.S.C. § 2244 (b)(2). Upon review of Mr. Gray's filings, however, the Court concludes that Judge Duncan properly treated Mr. Gray's filing as an amended petition. 28 U.S.C. § 2244(b)(2) provides,

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Based on these parameters, Mr. Gray's amended habeas petition clearly did not satisfy the requirements to be treated as a successive petition. *See id.* Moreover, even if Mr. Gray's amended petition could somehow be construed as a properly filed second or successive

1 petition, he was required to obtain an order from the Ninth Circuit before filing the second
2 petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Mr.
3 Gray fails to bring forth anything suggesting that he obtained permission from the Ninth
4 Circuit to pursue a second habeas petition. Accordingly, his Objections are without merit.

**IT IS THEREFORE ORDERED**

(1) Judge Duncan's R & R is **ACCEPTED**. (*See* Doc. 22).

(2) Petitioner Zane William Gray's Amended Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED** with prejudice. (*See* Doc. 11).

(3) A certificate of appealability is **DENIED** and leave to proceed in forma pauperis on appeal is **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

DATED this 9th day of August, 2010.

_____
G. Murray Snow
United States District Judge